HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

ESTATE OF GERALD T. DISHNEAU,
and LINDA DISHNEAU, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF GERALD T. DISHNEAU,

          Defendants.

Case No.  2:19-cv-0709-RAJ

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT

## I.   INTRODUCTION

    This matter comes before the Court on Plaintiff's Motion for Default Judgment.
Dkt. # 9.  For the reasons below, the Court **GRANTS** the motion.

## II.   BACKGROUND

    According to the complaint, from 2002 until his death in 2009, Gerald T.
Dishneau, Sr. failed to pay his taxes.  Dkt. # 1 ¶¶ 5, 9.  Specifically, Mr. Dishneau failed
to pay quarterly and yearly taxes from 2002 to 2008, incurring penalties and accruing
interest during that time.  *Id.* ¶ 9.

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT – 1

After Mr. Dishneau died in 2009, his wife, Defendant Linda Dishneau, became the personal representative of his estate.  *Id.* ¶¶ 16-17.  On November 13, 2009, the Internal Revenue Service ("IRS") served Ms. Dishneau a notice that federal taxes were due.  *Id.* ¶ 18.  She then filed a petition for probate of Mr. Dishneau's will in the Snohomish County Superior Court, and that court ultimately admitted the will to probate.  *Id.* ¶¶ 19-20.  Later, on July 6, 2010, the IRS sent another notice and demand for payment on Ms. Dishneau and her probate attorney, and the next month the IRS filed a proof of claim of unpaid taxes in the probate proceeding.  *Id.* ¶ 21.  In 2015, the probate case was closed.  *Id.* ¶ 23.

Last year, on May 13, 2019, Plaintiff United States of America ("United States") filed a complaint in this Court, seeking to reduce Mr. Dishneau's federal tax and penalty assessments to judgment.  Dkt. # 1.  The United States named the Estate of Gerald T. Dishneau and Ms. Dishneau, as personal representative of the estate, as Defendants.  *Id.* Both the estate and Ms. Dishneau were served on June 20, 2019.  Dkt. ## 5, 6. Defendants' answer or other response was due weeks later, but both Defendants failed to answer or otherwise respond.  On October 25, 2019, the Clerk of Court granted the United States' motion for default and entered default accordingly.  Dkt. # 8.  Months after, the United States moved for default judgment.  Dkt. # 9.  To date, neither Defendant has appeared in this action.

## III.  LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible.  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).  In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages.  Fed. R. Civ. P. 55(b)(2)(B).  If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," then the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, No. 2:13-cv-00626-JLR, 2014 WL 358412, at *2 (W.D. Wash. Jan. 31, 2014).  In determining damages, a court can rely on declarations submitted by a plaintiff.  *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010).  Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  Since deciding for or against default judgment is within a court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment.  *Curtis v. Illumination Arts, Inc*., 33 F. Supp. 3d 1200, 1210-11 (W.D. Wash. 2014).

## IV.  DISCUSSION

In exercising its discretion on a motion for default judgment, a court considers the "*Eitel*" factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Weighing all the *Eitel* factors, the Court finds good cause to grant the United States' motion for default judgment.

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT – 3

**A.      Possibility of Prejudice to Plaintiff**

Without a judgment, the United States will likely be prejudiced.  The time to recover Mr. Dishneau's outstanding tax debt will eventually expire.  And it is already doubtful that the United States can recover the full tax debt from the Dishneaus' assets.  Further, if this claim is denied, the United States' efforts to collect federal taxes will be frustrated, and the public treasury will be prejudiced.  *Key Bank Nat. Ass'n v. Van Noy*, No. 3:07-cv-01076-HU, 2008 WL 4646045, at *7 (D. Or. Oct. 17, 2008).  This factor favors default judgment.

**B.      Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint**

These two factors are often analyzed together.  *Curtis v. Illumination Arts, Inc*., 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014).  A court must determine if the allegations in the complaint are sufficient to state a claim that supports the relief sought.  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978).  "In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due.  Normally, introduction of the assessment establishes a prima facie case."  *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (citations omitted).

These factors favor default judgment as well.  The United States' claim is well-pleaded and supported by evidence.  The complaint here establishes jurisdiction and venue, the statutory basis for relief, Mr. Dishneau's history of tax delinquency, and the various IRS notices.  Dkt. # 1.  To support its claim, the United States provides evidence of tax assessments, which are entitled to the presumption of correctness.  Dkt. # 10; *Palmer v. U.S. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997).

**C.      Sum of Money at Stake**

The amount at stake here, $352,662.81, is substantial, so this factor would normally weigh against default judgment. Dkt. # 9 at 4.  Yet, put in context, this amount

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT – 4

is the accumulation of nearly a decade's worth of unpaid taxes.  Dkt. # 1 ¶ 9.  Given that, this factor is neutral.

### D.     The Remaining *Eitel* Factors

The rest of the factors favor default judgment.  On the fifth factor, the possibility of a dispute over a material fact is unlikely.  The Dishneaus could have disputed the liabilities in Tax Court, and they could have disputed them in this Court.  They have not done so, so the Court has no reason to believe that an issue of fact exists.  On the sixth factor, the Dishneaus' neglect is inexcusable—the IRS has issued several notices over the years, defendants have been served almost one year ago, and the Clerk of Court entered default late last year.  Dkt. ## 1, 5-8.  Yet Defendants have still not appeared.  Finally, on the seventh factor, "[a]lthough this factor almost always disfavors the entry of default judgment, it is not dispositive."  *Curtis*, 33 F. Supp. 3d 1200 at 1213 (internal quotation marks omitted).  Given Defendant's inexcusable failure to appear, a decision on the merits is impossible, so even the seventh factor favors default judgment.

On balance, the *Eitel* factors favor the United states, and default judgment should be granted.

### E.     Requested Judgment

As discussed, the United States has met its evidentiary burden by providing tax assessments, which are presumed correct.  *Oliver*, 921 F.2d at 919; *Palmer*, 116 F.3d at 1312.  Specifically, the United States has provided printouts from the IRS's Integrated Data Retrieval System and account transcripts for Mr. Dishneau's quarterly employment taxes and federal unemployment taxes.  Dkt. ## 10-1, 10-2.  Thus, the total tax liability as of February 29, 2020, is $352,662.81.

## V.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) Default judgment is entered in favor of the United States and against the Estate of Gerald Dishneau and Linda Dishneu, as personal representative of the Estate of

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT – 5

Gerald Dishneau; and,

(2) Default judgment is for the total amount of $352,662.81 as of February 29, 2020, plus interest and statutory additions accruing in accordance with law after that date.

DATED this 18th day of May, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER GRANTING MOTION
FOR DEFAULT JUDGMENT – 6